1  J. ROD BETTS (SBN 098912)
   rod.betts@quarles.com
2  EVAN A. PENA (SBN 268510)
   evan.pena@quarles.com
3  **QUARLES & BRADY LLP**
   101 West Broadway, Ninth Floor
4  San Diego, California 92101-8285
   Telephone: 619-237-5200
5  Facsimile: 619-615-0700

6  Attorneys for Defendant AJM
   PACKAGING CORPORATION

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 SAMANTHA MARTINEZ, an          Case No. **'24CV0268 BAS BGS**
   individual,
12                                **NOTICE OF REMOVAL**
              Plaintiff,
13
        v.
14
   AJM PACKAGING CORPORATION,
15 a business entity, form unknown;
   ARMANDO MEDINA, an individual;
16 and DOES 1 through 20, inclusive,

17            Defendants.

18

19      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

20 THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF SAMANTHA

21 MARTINEZ, AND HER ATTORNEYS OF RECORD:

22      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1332, 1441 and

23 1446, Defendant AJM PACKAGING CORPORATION ("AJM" or "Defendant"),

24 by and through its undersigned attorney, hereby gives notice that the civil action

25 currently pending in the Superior Court of the State of California, for the County of

26 San Diego, identified as *Samantha Martinez v. AJM Packaging Corporation, et al.*,

27 assigned Case Number 37-2023-00055505-CU-WT-CTL, is removed to this Court

28 without waiving any rights to which Defendant may be entitled, and says:

                                                          Case No.

1.     Pursuant to 28 U.S.C. section 1446(a), copies of all documents in the record, including all orders, pleadings, and process which have been served upon either party, are attached as **Exhibit A**.  This includes the Complaint, Summons, Civil Case Cover Sheet, Case Initiation Form, Notice of Case Assignment, Proof of Service of Summons and Defendant's answer.  A conformed copy of Defendant's answer was not yet available on the date of this filing, thus, a non-conformed copy is included in **Exhibit A**.  Defendant will submit a conformed copy as soon as it is available.

2.     According to the online docket, the Complaint in the above action was filed on December 22, 2023.  Defendant AJM Packaging Corporation was served on January 10, 2023.  In compliance with 28 U.S.C. section 1446(b), this Notice of Removal is timely filed within thirty (30) days of service of the Complaint.

3.     According to the online docket, on December 22, 2023, the case was assigned to a Judicial Officer, and on December 26, 2023, the case management conference was scheduled and the case initiation form was printed.  According to the online docket, on December 22, 2023, the original summons was filed by Plaintiff Samantha Martinez ("Plaintiff") and the summons was issued on December 26, 2023.  Other than the documents in **Exhibit A**, Defendant is not aware of any other documents in the State Court case file.

4.     Defendant seeks removal under 28 U.S.C. section 1441 based on diversity of citizenship, as this Court has original jurisdiction under 28 U.S.C. section 1332(a).  This is a civil action between citizens of different states where Plaintiff appears more likely than not to claim an amount in controversy that exceeds $75,000.

**Venue is Proper**

5.     Venue lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. sections 1441(a) and 1391(b) because the state court action was filed in this district, and it is the judicial district in which the action

Case No.

1   arose.

2   **Diversity Jurisdiction Exists**

3   6.   For diversity jurisdiction purposes, Defendant is considered a citizen of

4   the state where it is incorporated and of the state where it has its principal place of

5   business on the date the complaint was filed.  *See Co-Efficient Energy Sys. v. CSL*

6   *Indus., Inc.*, 812 F.2d 556, 557 (9th Cir. 1987); 28 U.S.C. § 1332(c)(1).  "Principal

7   place of business" refers to a corporation's nerve center, where the corporation's

8   officers direct, control, and coordinate the corporation's activities, and where the

9   corporation normally maintains its headquarters.  *Hertz Corp. v. Friend*, 559 U.S.

10  77, 130 S.Ct. 1181 (2010).  As of the date Plaintiff's Complaint was filed, AJM was

11  and is incorporated in Michigan, with its principal place of business in Detroit,

12  Michigan.  (Declaration "Decl." of Guy Miele.)  Thus, AJM is a citizen of

13  Michigan.

14  7.   As identified in her Complaint, Plaintiff is an individual residing in San

15  Diego, California.  (Ex. A, Compl. ¶ 5.)  Plaintiff is therefore a citizen of the State

16  of California for the purposes of this Court's diversity jurisdiction.  *See* 28 U.S.C. §

17  1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled).

18  8.   Based on the above, complete diversity between the parties exists.

19  **The Amount in Controversy Requirement is Satisfied**

20  9.   Removal is proper where diversity exists and "the matter in controversy

21  exceeds the sum or value of $75,000."  28 U.S.C. § 1332(a).  The Ninth Circuit

22  holds that "[t]he amount in controversy is simply an estimate of the total amount in

23  dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon*

24  *Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  The amount in

25  controversy "reflects the maximum recovery the plaintiff could reasonably recover."

26  *Mutchler on behalf of Cal. v. Circle K Stores, Inc.*, Case No.: 20cv1239-GPC(BGS),

27  2020 WL 5511985, at *2 (S.D. Cal. Sept. 14, 2020).

28  / / /

Case No.

10.     When a complaint fails to establish a specific total amount in controversy, a removing defendant need only establish the necessary jurisdictional amount by a preponderance of the evidence.  *Gugliemino v. McKee Foods Corp*., 506 F.3d 696, 701 (9th Cir. 2007).

11.     In determining whether it is more likely than not that the amount in controversy exceeds $75,000, a court can consider: (a) the allegations in the complaint, facts in the removal petition, and any summary judgment-type evidence that is submitted; (b) jury verdicts involving similar allegations and claims; (c) emotional distress damages; (d) punitive damages, if they are recoverable as a matter of law; and (e) attorneys' fees, if they are authorized by statute.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Perez v. Baxter Healthcare Corp.*, No. 2:12-cv-08075, 2012 WL 5373468, at * 2 (C.D. Cal. Oct. 31, 2012).  District courts may also make estimates of the amount in controversy.  *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIV. S-13-0926, 2013 WL 4894307, at *2 (E.D. Cal. Sept. 11, 2013).

12.     Plaintiff alleges nine causes of action against Defendant: (1) sexual harassment and hostile work environment; (2) retaliation in violation of FEHA; (3) failure to accommodate; (4) failure to engage in the interactive process; (5) discrimination; (6) failure to prevent discrimination, harassment, and retaliation; (7) retaliation in violation of the Labor Code; (8) wrongful termination in violation of public policy; and (9) violations of unfair competition law.  (Ex. A, Compl.)

13.     While the Complaint does not include a specific dollar amount of damages sought, Plaintiff has broadly alleged that she seeks the following damages that are relevant to establishing the amount in controversy:

a.     Compensatory, economic, general and special damages;

b.     Emotional distress damages;

c.     Attorney's fees and costs;

d.     Punitive damages;

Case No.

1          e.      Restoration of monies pursuant to California Business and
2   Professions Code sections 17200, *et seq*.; and

3          f.      Civil penalties under Business and Professions Code
4   sections 17206 and 17536.

5   (Ex. A, Compl. pgs.15-16, Prayer for Relief.)

6          14.     Although Defendant denies Plaintiff's allegations and claims for relief,
7   Plaintiff's alleged economic damages alone are worth more than $150,000.  Plaintiff
8   was employed as a Human Resources Generalist and her rate of pay was $75,000
9   per year.  (Ex. A, Compl. ¶¶ 26, 45, 53.)  She seeks both past and future wages and
10  her last day of employment was already more than one year ago: January 10, 2023.
11  (*Id.* at ¶ 20.)  Thus, even if trial occurred tomorrow, her alleged lost wages over the
12  last year would already satisfy the jurisdictional threshold.

13         15.     In case there was any doubt the amount in controversy has been met
14  here, the Court can look to settlements and damage awards in similar cases, which
15  often range from $150,000 to $300,000.  *See Mills v. City of San Diego,* JVR No.
16  1712060050, 2017 WL 6060690 (S.D. Cal. Super. Ct. Aug. 1, 2017) (plaintiff
17  awarded $175,000 for sex discrimination and hostile work environment claims);
18  *Barber v. Southern California Permanente Medical Group; Mendoza*, JVR No.
19  1708230050, 2017 WL 3641675 (L.A. Cal. Super. Ct. May 5, 2017) (plaintiff
20  awarded $246,500 in pain and suffering for similar harassment allegations); *Neeley*
21  *v. Regents of the Univ. of Cal*.; *Glantz*, JVR No. 1907310021, 2018 WL 8920073
22  (S.F. Cal. Super. Ct. Sept. 17, 2018) (plaintiff settled claims for similar harassment
23  claims with no inappropriate touching or assault for $150,000).

24         16.     In addition, although AJM strongly denies that the conduct alleged by
25  Plaintiff would support a punitive damages award, her request for punitive damages
26  further demonstrates that the $75,000 threshold has been met.  *See, e.g., Simmons v.*
27  *PCR Tech*., 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (finding court may
28  consider punitive damages when determining the amount in controversy and citing

employment discrimination cases that yielded jury verdicts with punitive damage awards ranging from $60,000 to $40 million); *EEOC v. Farmer Bros., Co.*, 31 F.3d 891, 894 (9th Cir. 1994) (affirming punitive damages award of $833,434.80 in employment discrimination and sexual harassment case alleging FEHA violations).

17.    Lastly, courts have also routinely awarded attorneys' fees in FEHA cases, often well above $75,000.  *See, e.g., Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1141 (E.D. Cal. 2011) (awarding prevailing party in FEHA case attorneys' fees of $535,700); *Goodson v. Cnty. of Plumas, et al.*, No. 2:18-CV-03105-KJM-DB, 2024 WL 99847 (E.D. Cal. Jan. 9, 2024) (awarding three separate attorneys' fees of $803,490, $577,750, and $128,280 in FEHA sexual harassment case).

18.    In sum, based on reasonable estimates of the allegations asserted in the Complaint, the amount Plaintiff has placed in controversy exceeds $75,000.

19.    Because this Court has original jurisdiction over the state court action under 28 U.S.C. section 1332, and the requirements for diversity jurisdiction are met, this case is properly removable pursuant to 28 U.S.C. section 1441(a).

20.    Pursuant to 28 U.S.C. section 1446(d), concurrent with the filing of this Notice of Removal, Defendant's Notice to Plaintiff of Removal has been served upon attorneys for Plaintiff, Cecelia Brennan and Rebecca Rojas, HKM EMPLOYMENT ATTORNEYS LLP (cbrennan@hkm.com and rrojas@hkm.com).

WHEREFORE, Defendant requests this action concurrently pending in the Superior Court of the State of California for the County of San Diego be removed to the United States District Court for the Southern District of California.

Dated:  February 9, 2024          QUARLES & BRADY LLP


By:  s/ *Evan Pena*
       J. ROD BETTS
       EVAN A. PEÑA
       Attorneys for Defendant AJM
       PACKAGING CORPORATION

## PROOF OF SERVICE

### Samantha Martinez v. AJM Packaging Corporation

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On February 9, 2024, I served true copies of the following document(s) described as **NOTICE OF REMOVAL: CIVIL COVER SHEET** on the interested parties in this action as follows:

Cecilia N. Brennan
HKM Employment Attorneys LLP
401 West A Street, Suite 200 (#77)
San Diego, CA 92101
Tel/Fax: (619) 717-6410
Email: cbrennan@hkm.com

Rebecca Rojas
HKM Employment Attorneys LLP
3600 Lime St., Bldg. 2, Suite 114
Riverside, CA 92501
Tel/Fax: (951) 269-4229
Email: rrojas@hkm.com

Attorneys for Plaintiff SAMANTHA MARTINEZ

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address Hyatt.Yosef@quarles.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 9, 2024, at San Diego, California.

_____

Case No.