# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

37-02023-00055505-CU-WT-CTL

SAMANTHA MARTINEZ,

                Plaintiff,

v.

AJM PACKAGING CORPORATION; ARMANDO MEDINA,

                Defendants.

Case No. 24-cv-00268-BAS-DTF

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO REMAND (ECF No. 8)**

    Plaintiff Samantha Martinez filed this employment discrimination action against Defendants AJM Packaging Corporation and Armando Medina in San Diego County Superior Court. AJM removed the case by invoking diversity jurisdiction.

    Plaintiff moves to remand, highlighting that both she and Medina are citizens of California, which destroys diversity jurisdiction. In response, AJM contends Medina was fraudulently joined, which would allow the Court to ignore his citizenship when determining complete diversity.

    AJM's reliance on fraudulent joinder comes with a heavy burden, and the company comes up short. It fails to demonstrate there is no possibility that Plaintiff could prevail against Medina. Hence, for the following reasons, the Court concludes it lacks subject matter jurisdiction and remands this action.

## I. BACKGROUND

AJM operates a manufacturing facility in El Cajon, California. (Miele Decl. ¶ 3, ECF No. 1-3.) Plaintiff is a San Diego resident who worked for AJM as a Human Resources Generalist. (Compl. ¶¶ 5, 11, ECF No. 1-2.) Medina is likewise a San Diego resident who worked for AJM. (*Id.* ¶¶ 8, 12.) AJM is a Michigan corporation with its principal place of business in Detroit. (Miele Decl. ¶ 3.)

In late 2022, Plaintiff alleges that Medina approached her on the warehouse floor during business hours. (Compl. ¶ 12.) "He placed himself physically in front of and very close to Plaintiff and began commenting on her appearance, telling her she was pretty and commenting on her 'beautiful eyes.'" (*Id.*) Plaintiff retracted, believing "Medina was going to try to kiss her on the face," and she moved away from Medina. (*Id.*) Afterwards, on the same day, "Medina invited Plaintiff to go paintballing with him alone." (*Id.* ¶ 13.) When Plaintiff said no, "Medina then asked her to take a trip to Guadalajara together, 'to see what would happen next.'" (*Id.*) Several days later, "Medina again invited Plaintiff to go paintballing with him alone, despite Plaintiff denying his first invitation." (*Id.* ¶ 14.) Plaintiff alleges she "was shocked and offended" by Medina's overt advances and reported them to management as sexual harassment. (*Id.* ¶¶ 12–15.) AJM then allegedly placed Plaintiff on administrative leave before terminating her a short time later. (*Id.* ¶¶ 16–20.)

Based on these allegations, Plaintiff brings one claim for sexual harassment against Medina and AJM. (Compl. ¶¶ 21–28.) She brings eight other claims against AJM stemming from the company's alleged retaliation, failure to prevent harassment, and wrongful termination. (*Id.* ¶¶ 29–80.) AJM timely removed the case, alleging diversity jurisdiction exists because Plaintiff is a citizen of California, AJM is a citizen of Michigan, and the amount in controversy exceeds $75,000. (Notice of Removal ¶ 6, ECF No. 1.) The Notice of Removal does not mention Medina's citizenship. (*See id.*)

Plaintiff moves to remand based on a lack of complete diversity. (ECF No. 8.) The Motion is fully briefed, and the Court finds this matter suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1).

## II. LEGAL STANDARD

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). The propriety of removal turns on whether the case could have originally been filed in federal court. *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (citation omitted).

## III. ANALYSIS

### A. Diversity Jurisdiction

Plaintiff contends the Court must remand this action because there is no diversity jurisdiction. (Mot. 3:23–4:26.) "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

Given this requirement, AJM had the burden to allege "the actual citizenship of the relevant parties" when removing this case. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation like AJM is a citizen of its state of incorporation and where its principal place of business is located. *Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994). The company demonstrates it is only a citizen of Michigan. (Miele Decl. ¶ 3.)

The other two parties, Plaintiff and Medina, are citizens of their domicile. *Kanter*, 265 F.3d at 857. Although residency alone is insufficient, the Complaint suggests these individuals are citizens of California. (*See* Compl. ¶¶ 5, 8.) AJM's Notice of Removal alleges Plaintiff is a citizen of California, but there is no corresponding allegation that establishes Medina's citizenship. (Notice of Removal ¶ 6.) Hence, unless the Court can

ignore Medina's citizenship, AJM fails to meet its burden of establishing complete diversity, making remand appropriate. *See Grancare*, 889 F.3d at 548; *Kanter*, 265 F.3d at 857.

### B. Fraudulent Joinder

AJM seeks to escape remand by invoking the fraudulent joinder doctrine. Under this doctrine, if a non-diverse defendant is fraudulently joined, then the defendant's presence is ignored when determining diversity. *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). AJM relies on the second possibility here. (Opp'n 3:1–14, ECF No. 11.)

"Fraudulent joinder is established the second way if a defendant shows that an 'individual[ ] joined in the action cannot be liable on any theory.'" *Grancare*, 889 F.3d at 548 (alteration in original) (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quoting *Hunter*, 582 F.3d at 1046).

This test is challenging to pass. The defendant "bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046). Examples from the Ninth Circuit are illustrative:

- Defendants met their heavy burden by demonstrating the statute of limitations barred the claims against the non-diverse defendants. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); *Ritchey*, 139 F.3d at 1320.
- Similarly, defendants satisfied this test by presenting extraordinarily strong evidence or arguments that the plaintiffs' claims could not prevail, including that

- 4 -

24cv0268

the defendant's conduct was privileged and that a sham defendant was not a party to the contract at issue. *United Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

- By comparison, defendants did not meet their heavy burden where they failed to preclude any possibility that the plaintiffs' claims could prevail under state law, even though there may be pleading deficiencies and not a clear path to success. *See Grancare*, 889 F.3d at 550–52; *Weeping Hollow Ave. Tr.*, 831 F.3d at 1114.

Beyond providing these examples, the Ninth Circuit has noted that "while the party seeking removal is entitled to present additional facts that demonstrate that a defendant has been fraudulently joined, in many cases, the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined." *Grancare*, 889 F.3d at 549 (citation omitted) (citing *Ritchey*, 139 F.3d at 1318).

Adopting this prism here, AJM must show there is no possibility that Plaintiff could prevail on her sexual harassment claim against Medina. This claim arises under California's Fair Employment and Housing Act ("FEHA"). (Compl. ¶¶ 21–28.) "FEHA expressly prohibits sexual harassment in the workplace." *Miller v. Dep't of Corr.*, 36 Cal. 4th 446, 460 (2005). "Sexual harassment consists of any unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature." *Rieger v. Arnold*, 104 Cal. App. 4th 451, 459 (2002) (citing *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 607 (1989)). It commonly arises in two contexts: "quid pro quo" harassment and "hostile work environment" harassment. *Beltran v. Hard Rock Hotel Licensing, Inc.*, 97 Cal. App. 5th 865, 878 (2023). Plaintiff's allegations against Medina involve the second context. (Compl. ¶ 25.)

To prevail on her claim, Plaintiff must prove the harassment was "severe or pervasive." *Beltran*, 97 Cal. App. 5th at 878. This requirement "means conduct that alters the conditions of employment and creates a work environment that is hostile, intimidating, offensive, oppressive, or abusive." *Id.* at 879 (quoting Jud. Council of Cal. Jury Instruction

No. 2524). Determining whether the conduct satisfies this standard requires an examination of all the circumstances, including "[t]he nature of the conduct," the frequency in which it occurred, and "[w]hether the conduct was physically threatening or humiliating." *Id.* As mentioned above, Plaintiff alleges Medina made several unwelcome advances, including placing "himself physically in front of and very close to Plaintiff and . . . commenting on her appearance, telling her she was pretty and commenting on her 'beautiful eyes'" and asking "her to take a trip to Guadalajara together, 'to see what would happen next.'" (Compl. ¶¶ 12–13.)

AJM fails to show Plaintiff has no possibility of prevailing on her sexual harassment claim for several reasons. First, AJM applies the incorrect standard in its Opposition. The company cites caselaw that is appropriate for a challenge under Rule 12(b)(6). (Opp'n 4:7–14, 5:28 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).) Although "the fraudulent joinder standard shares some similarities with the analysis under Rule 12(b)(6)," the Ninth Circuit has dispelled any notion that they are equivalent. *Grancare*, 889 F.3d at 549. The Court of Appeals explained:

> A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits. Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction. The relative stringency of the standard accords with the presumption against removal jurisdiction, under which we "strictly construe the removal statute," and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."

*Id.* (citations omitted). Thus, AJM's reliance on the Rule 12(b)(6) standard misses the mark.

Second, AJM compounds this error by asking the Court to draw a variety of inferences against Plaintiff. (*See* Opp'n 5:25 ("The fact that other employees would have seen this potential kiss strongly indicates that Medina was not trying to kiss Plaintiff.

Instead, a much more reasonable interpretation is that Medina moved closer to Plaintiff simply so she could hear him."); *id.* 6:9–10 (arguing there is no basis to infer Medina's request for Plaintiff to go paintballing with him alone "was a romantic gesture" because paintballing "is actually the opposite of romantic: it is a simulated gunfight often played in large teams, outdoors, and in the dirt").) These arguments flunk the test under Rule 12(b)(6), let alone the more stringent inquiry required for fraudulent joinder. *See Grancare*, 889 F.3d at 549; *see also, e.g.*, *In re Roundup Prod. Liab. Litig.*, 396 F. Supp. 3d 893, 896 (N.D. Cal. 2019) (explaining disputed questions of fact and ambiguities are resolved in favor of the plaintiff when determining fraudulent joinder).

Third, much of the authority AJM cites to show Medina's harassment is not actionable is outdated. As Plaintiff highlights, the law changed in 2019. "Prior to 2019, [the requirement to show the harassment was severe or pervasive] was quite a high bar for plaintiffs to clear, even in the context of a motion for summary judgment." *Beltran*, 97 Cal. App. 5th at 878. Then, in 2019, the California Legislature made clear that "[a] single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive work environment." *Id.* (quoting Cal. Gov't Code § 12923(b)). That same law "clarified that a hostile work environment exists 'when the harassing conduct sufficiently offends, humiliates, distresses, or intrudes upon its victim, so as to disrupt the victim's emotional tranquility in the workplace, affect the victim's ability to perform the job as usual, or otherwise interfere with and undermine the victim's personal sense of well-being.'" *Id.* (quoting Cal. Gov't Code § 12923(a)). Hence, AJM's reliance on older California cases and nonbinding federal authority is unpersuasive. Further, given Plaintiff's allegations above and the controlling law, there is a possibility that she will prevail on her sexual harassment claim against Medina.

In sum, AJM does not meet its "heavy burden" to show Medina was fraudulently joined. *See Grancare*, 889 F.3d at 548. Consequently, the Court finds it lacks subject jurisdiction over this case and grants Plaintiff's request to remand this action.

**C.     Attorneys' Fees**

As part of her request for remand, Plaintiff asks the Court to award attorneys' fees and costs under 28 U.S.C. § 1447(c). (Mot. 8:2–11; Reply 7:6–8:13, ECF No. 12.) "Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare*, 889 F.3d at 552. "But removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Although AJM's fraudulent joinder position is not persuasive, the Court is unconvinced that AJM lacked an objectively reasonable basis for seeking removal. Indeed, Plaintiff recognizes that she could have included more detailed allegations about Medina's alleged sexual harassment to foreclose Defendant's attempt to demonstrate Medina is a sham defendant. (*See* Mot. 6:23–7:10; Reply 5:6–20.) Ultimately, the Court exercises its discretion to deny Plaintiff's request for fees and costs. *Cf. Cortez v. Target Corp.*, No. CV 23-6284-JFW(MARX), 2023 WL 6516452, at *4 (C.D. Cal. Oct. 4, 2023) (denying request for fees in similar circumstances).

//
//
//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, the Court concludes remand is appropriate, but denies Plaintiff's request for attorneys' fees and costs. Consequently, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Remand. (ECF No. 8.) The Court **REMANDS** this action to the San Diego County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS SO ORDERED.**

**DATED: July 2, 2024**

Hon. Cynthia Bashant
United States District Judge